Jeffrey S. Dubin, P.C.
Attorneys for Plaintiffs
464 New York Avenue
Suite 100
Huntington, New York 11743
631.351.0300
631.351.1900 FAX
DubinJS@cs.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
FRED ALSTON, as a Trustee of THE LOCAL 272      Civil Action No.
LABOR-MANAGEMENT PENSION FUND;
FRED ALSTON, as a Trustee of THE LOCAL 272      ECF CASE
WELFARE FUND,

                          Plaintiffs,

            -against-                                    COMPLAINT

CITIZENS ICON HOLDINGS, LLC,

                         Defendant.
-----------------------------------------------------------------X

      Plaintiffs, complaining of the defendant, by their attorneys, JEFFREY S. DUBIN, P.C., allege as follows:

      1.    This is an action by a Trustee of two employee benefit plans, on behalf of the Trustees of the two plans, to enforce the obligations of the defendant to make contributions to these plans and for interest, additional interest, reasonable attorney's fees and costs of action. The two plans provide pension and health benefits to thousands of active and retired parking garage employees and their families.

      2.    The jurisdiction of this Court is invoked under Section 502 of the Employee Retirement Income Security Act of 1974 (E.R.I.S.A.), as amended, 29 U.S.C. § 1132, and

28 U.S.C. § 1331. ERISA requires the Trustees to take all reasonable steps to collect delinquent contributions. ERISA further requires the Trustees to provide pension credits to plan participants even if the Trustees are unable to collect delinquent contributions.

3.      Plaintiff, Fred Alston, as a Trustee of the Local 272 Labor-Management Pension Fund (Pension Fund) and as a Trustee of the Local 272 Welfare Fund (Welfare Fund), is and was a fiduciary within the meaning of Section 3(21) of E.R.I.S.A., 29 U.S.C. § 1002(21).

4.      The Pension Fund and the Welfare Fund are and were employee benefit plans within the meaning of Section 3(3) of E.R.I.S.A., 29 U.S.C. § 1002(3).

5.      The Pension Fund, and the Welfare Fund (Fringe Benefit Funds) are and were administered pursuant to Agreements and Declarations of Trust, within this district within the meaning of Section 502(e)(2) of E.R.I.S.A., 29 U.S.C. § 1132(e)(2), to wit, within the City, County and State of New York.

6.      Upon information and belief, the defendant is and was a limited liability company, organized under the laws of the State of New York.

7.      Defendant is and was an employer within the meaning of Section 3(5) of E.R.I.S.A., 29 U.S.C. § 1002(5).

8.      At all times relevant hereto, defendant has been doing business in this district within the meaning of 28 U.S.C. § 1391.

9.      Heretofore, defendant entered into a Contract which, *inter alia*, provided for contributions by defendant to the Fringe Benefit Funds for certain hours worked by participants employed by said defendant.

10.     The Contract between the Fringe Benefit Funds and defendant was, by its terms, effective from March 6, 2015 to March 5, 2022.

11. The Fringe Benefit Funds are third party beneficiaries of said Contract.

12. Pursuant to said Contract, defendant employed persons who were participants in the Fringe Benefit Funds within the meaning of Section 3(7) of E.R.I.S.A., 29 U.S.C. § 1002(7), while said Contract was in full force and effect.

13. Pursuant to said Contract, defendant is required to make contributions to plaintiffs for the period of January 1, 2017 through December 31, 2017.

14. Fred Alston, as a fiduciary, has standing to bring this action pursuant to Sections 502(a)(3)(B)(ii) and 515 of E.R.I.S.A., 29 U.S.C. §§ 1132(a)(3)(B)(ii) and 1145.

## AS AND FOR A FIRST CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF FRED ALSTON, AS A TRUSTEE OF THE PENSION FUND

15. Plaintiff, Fred Alston, as a Trustee of the Pension Fund, repeats and realleges each and every allegation set forth in paragraphs 1 through 14.

16. Defendant has failed and refused and continues to refuse to pay to plaintiff Pension Fund, the amounts owed to plaintiff in breach of the terms of the plan and in breach of the terms of the Agreement and Declaration of Trust and in violation of the provisions of Section 515 of E.R.I.S.A., 29 U.S.C. § 1145; upon information and belief, said amounts are as set forth hereinafter, no part of which has been paid, although duly demanded.

## AS AND FOR A SECOND CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF FRED ALSTON, AS A TRUSTEE OF THE WELFARE FUND

17. Plaintiff, Fred Alston, as a Trustee of the Welfare Fund repeats and realleges each

and every allegation set forth in paragraphs 1 through 14.

18. Defendant has failed and refused and continues to refuse to pay to plaintiff Welfare Fund, the amounts owed to plaintiff in breach of the terms of the plan and in breach of the terms of the Agreement and Declaration of Trust and in violation of the provisions of Section 515 of E.R.I.S.A., 29 U.S.C. § 1145; upon information and belief, said amounts are as set forth hereinafter, no part of which has been paid although duly demanded.

WHEREFORE, plaintiffs demand judgment in accordance with E.R.I.S.A. Section 502(g)(2), 29 U.S.C. § 1132(g):

1. On the First Claim for Relief in favor of plaintiff, Fred Alston, as a Trustee of the Pension Fund and against defendant, in the amount of $7,643.14.

2. On the Second Claim for Relief in favor of plaintiff, Fred Alston, as a Trustee of the Welfare Fund and against defendant, in the amount of $55,920.35.

3. In accordance with Section 502(g) of E.R.I.S.A., 29 U.S.C. § 1132(g)(2), awarding plaintiffs on the foregoing claims for relief:

    a. interest of 18% on said unpaid contributions pursuant to E.R.I.S.A. Section 502(g)(2)(B) and (E), 29 U.S.C. §§ 1132(g)(2)(B) and (E) from the first day of the month when payment was due, to the date when payment is made.

    b. additional interest of 18% on said unpaid contributions pursuant to E.R.I.S.A. Section 502(g)(2)(C) and (E), 29 U.S.C. §§ 1132(g)(2)(C) and (E).

    c. reasonable attorneys fees and costs of the action pursuant to Section 502(g)(2)(D) of E.R.I.S.A., 29 U.S.C. § 1132(g)(2)(D).

AND, for such other, further and different relief under E.R.I.S.A., as this Court deems appropriate.

Dated: Huntington, New York
      April 2, 2019

                                                  Jeffrey S. Dubin
                                                  Jeffrey S. Dubin, P.C.
                                                  Attorneys for Plaintiffs
                                                  464 New York Avenue
                                                  Suite 100
                                                  Huntington, New York 11743
                                                  631.351.0300
                                                  631.351.1900 FAX
                                                  DubinJS@cs.com

To:    Defendant (Fed.R.Civ.P. § 4)
         United States District Court (Fed.R.Civ.P. § 3)